AO 91 (Rev. 11/11) Criminal Complaint                 AUTHORIZED AND APPROVED DATE: _____ 9/27/19

FILED
SEP 27 2019
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA
BY_____, DEPUTY

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

| United States of America | ) |
|---|---|
| v. | ) |
| KEEGAN KELLEY HARROZ | ) Case No. M-19-521-P |
| Defendant | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **February 6, 2019, and August 4, 2019** in the county of **Oklahoma and Cleveland** in the **Western** District of **Oklahoma**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(8) | Prohibited Person in Possession of Ammunition, in violation of Title 18, United States Code, Section 922(g)(8). |
| 18 U.S.C. § 922(d) | Sell or Otherwise Dispose of a Firearm to a Prohibited Person, in violation of Title 18, United States Code, Section 922(d). |

This criminal complaint is based on these facts:

See attached Affidavit of Special Agent Lucas Keck, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), which is incorporated and made a part hereof by reference.

☑ Continued on the attached sheet.

_____
Complainant's signature

Lucas Keck, Special Agent (ATF)
Printed name and title

Sworn to before me and signed in my presence.

Date: 9/27/19

_____
Judge's signature

City and state: Oklahoma City, Oklahoma      GARY M. PURCELL, U.S. Magistrate Judge
Printed name and title

WESTERN DISTRICT OF OKLAHOMA
OKLAHOMA CITY, OKLAHOMA

STATE OF OKLAHOMA )
)
COUNTY OF OKLAHOMA )

## AFFIDAVIT

I, Lucas Keck, being duly sworn, does depose and state the following:

### AGENT BACKGROUND AND INTRODUCTION

1. I am currently employed as a Special Agent in the Bureau of Alcohol, Tobacco and Firearms & Explosives (ATF) and have been so since 2015. As an ATF Special Agent, I have conducted and participated in numerous investigations concerning the illegal possession of firearms and Federal controlled substance offenses. Prior to my employment with ATF, I was employed as a Special Agent with the United States Secret Service (USSS) from 2009 through 2015. During my employment with the USSS, I conducted and participated in investigations for counterfeit currency, to include: purchasing counterfeit currency with confidential informants and undercover agents, identity theft investigations, credit card fraud, and bank fraud in both state and federal courts in the Southern District of Texas.

2. As a Special Agent, I am a law enforcement officer of the United States as defined by Section 2510(7) of Title 18, United States Code, meaning I am empowered by law to conduct investigations of, and to make arrests for, violations of federal law. Furthermore, my employment with the ATF has vested me with the authority to investigate violations of federal law. During my employment as an ATF Special Agent, I have

participated in numerous criminal investigations, including investigations of firearm and ammunition by prohibited persons, as the primary investigator or in a back-up capacity.

3. During my employment as an ATF Special Agent, I have received specialized training regarding, and have personally participated in, various types of investigative activity. This includes, but is not limited to, the following: (a) physical surveillance; (b) the debriefing of defendants, witnesses, informants and other individuals who have knowledge concerning violations of federal firearms laws; (c) undercover operations; (d) the execution of search warrants; (e) the consensual monitoring and recording of conversations; (f) electronic surveillance through the use of pen registers and trap and trace devices; (g) the court-authorized interception of both wire and electronic communications (i.e., Title III wiretaps); and (h) the handling and maintenance of evidence.

4. This Affidavit is made for the limited purpose of establishing probable cause in support of a Criminal Complaint alleging Keegan Kelley HARROZ, white female, DOB XX/XX/1983, SSN XXX/XX/9904, did possess ammunition after the issuance of a protective order in violation of 18 U.S.C. § 922(g)(8) in the Western District of Oklahoma, and knowingly gave a firearm to a prohibited person in violation of 18 U.S.C. § 922(d). Based on my training and experience, I know that it is a violation of 18 U.S.C. § 922(g)(8) for an individual to ship, transport, or possess any firearm or ammunition which has moved in interstate commerce, when such individual is subject to a court order that—(A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate; (B) restrains such person from harassing, stalking, or

threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the intimate partner or child; and (C) by its terms explicitly prohibits the use, or attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury. I also know that it is a violation of 18 U.S.C. § 922(d) to knowingly sell, give, or otherwise dispose of any firearm or ammunition to anyone who falls in the category of 18 U.S.C. § 922(g)(1-9) or 18 U.S.C. § 922(n).

5. The statements made in this Affidavit are based in part on: (a) my personal participation in this investigation; (b) information provided to me by other law enforcement officers; and (c) the training and experience of myself and other law enforcement agents and officers.

## FACTS SUPPORTING PROBABLE CAUSE

6. On September 13, 2019, the Okmulgee County Violent Crimes Task Force ("VCTF") and I were present when a state search warrant was executed at the Oklahoma City residence of Keegan Kelley HARROZ.

7. Prior to the search warrant, HARROZ was arrested on a warrant issued in Okmulgee County. After her arrest, HARROZ made contact with investigators from the Oklahoma County Jail and provided investigators with the combination to a gun safe in her residence. Investigators located ammunition, personal documents for HARROZ, and the manufacturer's box to a pistol in the gun safe. Using the information from the manufacturer's box, I identified the corresponding firearm to be a Ruger, Model EC9s, 9

mm Luger caliber semi-automatic pistol, serial number 453-86112, to create an urgent trace to locate the original purchaser of the firearm.

8. During the execution of another state search warrant on HARROZ's office later on September 13, 2019, investigators located the Ruger pistol that matched the box found in HARROZ's gun safe.

9. On September 16, 2019, I determined that HARROZ purchased the Ruger firearm in Oklahoma City, Oklahoma on January 27, 2018.

10. On September 17, 2019, Jared Lowe, ATF Special Agent, obtained a copy of a purchase receipt from H&H Shooting Supply in Oklahoma City, Oklahoma. The receipt indicated that HARROZ had purchased ammunition on February 6, 2019.

11. On September 25, 2019, ATF Special Agent Lowe obtained a certified copy of PO-2019-98, a protective order issued in Oklahoma County against HARROZ.

12. On September 27, 2019, I reviewed HARROZ's protective order and observed an Order Continuing Emergency Protective Order in Full Force and Effect, which was filed in the Oklahoma County District Court on January 24, 2019. The order stated that there had been a hearing on January 24, 2019, in which HARROZ appeared, and that the Emergency Order of Protection that had been entered on January 16, 2019, remained in full force and effect until April 3, 2019.

13. I reviewed the Emergency Order of Protection that had been entered on January 16, 2019. The Emergency Order of Protection expressly prohibited HARROZ from having any contact with the Petitioner, including harassing, stalking, or threatening the

Petitioner, and expressly prohibited the use, attempted use, or threatened use of physical force against the Petitioner.

14. I reviewed the Petition for Protective Order, in which the Petitioner stated that he and HARROZ had formerly lived in the same household and had previously been in a dating relationship.

15. On September 16, 2019, the VCTF took possession of a firearm from the Sachse Police Department ("SPD") in Texas on September 16, 2019. The firearm was given to the SPD by Jacoby Kelley on September 13, 2019. Mr. Kelley made statements on a 911 call and to SPD officers that was captured on body camera that he was given the firearm to hold, it was not his firearm, and the firearm may have been used in a triple homicide in Oklahoma.

16. I examined the firearm and determined it was a Spike's Tactical, Model ST 15, multi-caliber, semi-automatic rifle, serial number NSL159529, and requested an urgent trace of the firearm to determine the original purchaser of the firearm. On September 18, 2019, the trace was completed, showing the firearm was sold by Blue Collar Tactical, a Federal Firearms Licensee (FFL), in Oklahoma City, Oklahoma to Eric Schuster on December 28, 2018.

17. On September 20, 2019, I contacted Eric Schuster and was informed that Mr. Schuster sold the firearm to Barry Roland TITUS and his girlfriend on August 4, 2019.

18. On September 21, 2019, Investigator Aaron Swayze, Okmulgee County Sheriff's Office (OCSO), and I interviewed Mr. Schuster in reference to the firearm. Mr. Schuster explained that he had known TITUS for several years through work and had sold

TITUS a vehicle in 2018 that TITUS had recently paid off. Mr. Schuster told investigators that TITUS contacted him on Facebook Messenger and asked about buying a firearm in July 2019. On August 4, 2019, TITUS and a woman Mr. Schuster later recognized as Keegan HARROZ arrived at Mr. Schuster's residence in Cleveland County, Oklahoma. Mr. Schuster said that both TITUS and HARROZ handled the firearm and test-fired the firearm with ammunition that Mr. Schuster provided. Mr. Schuster said that HARROZ then retrieved money from their vehicle to pay for the firearm. Mr. Schuster showed investigators a receipt book where he prepared a receipt to TITUS for the firearm, listing the name "Barry," as well as the firearm description, firearm serial number, and the sales price. I seized the receipt as evidence.

19. I was familiar with TITUS from the VCTF investigation. In the course of that investigation, I reviewed court records on the Oklahoma State Courts Network (OSCN), and noted that TITUS is currently under a Protective Order in Oklahoma County, PO-2019-1400, which was filed on June 12, 2019.

20. On September 25, 2019, Jared Lowe, ATF Special Agent, obtained a certified copy of TITUS's protective order from Oklahoma County.

21. On September 27, 2019, I reviewed TITUS' protective order and observed an Order Continuing Emergency Protective Order in Full Force and Effect, which was filed in the Oklahoma County District Court on June 25, 2019. The order stated that there had been a hearing on June 25, 2019, in which TITUS appeared along with his lawyer, who was identified as HARROZ, and that the Emergency Order of Protection that had been entered on June 12, 2019, remained in full force and effect until December 6, 2019.

22. I reviewed the Emergency Order of Protection that had been entered on June 12, 2019. The Emergency Order of Protection expressly prohibited TITUS from having any contact with the Petitioner, including harassing, stalking, or threatening the Petitioner, and expressly prohibited the use, attempted use, or threatened use of physical force against the Petitioner.

23. I reviewed the Petition for Protective Order, in which the Petitioner stated that she and TITUS had formerly lived in the same household and had previously been in a dating relationship.

24. I am a firearms NEXUS expert. I determined the ammunition purchased by HARROZ on February 6, 2019, is ammunition and the firearm recovered by VCTF from SPD is a firearm. Neither the ammunition nor the firearm were manufactured in the state of Oklahoma, and therefore both traveled in interstate commerce to reach Oklahoma.

25. Based on the above facts, I believe that HARROZ was aware that there was a protective order issued against her when she purchased the ammunition on February 6, 2019. I also believe that HARROZ was aware that TITUS was a prohibited person when she provided a firearm to him on August 4, 2019. Both of these violations occurred in the Western District of Oklahoma.

## CONCLUSION

26. That, to the best of my knowledge and belief, all statements made in this affidavit are true and correct. Based on the foregoing facts, I believe probable cause exists

for the issuance of an arrest warrant for Keegan Kelly HARROZ for violating 18 U.S.C. §§ 922(g)(8) and 922(d).

_____
Lucas Keck
Special Agent, ATF


Sworn to and subscribed before me this 27th day of September, 2019.

_____
GARY M. PURCELL
United States Magistrate Judge